# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD H. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, TAMARA BOGOSIAN, JAMES SANCHEZ, FRESNO POLICE DEPARTMENT, ROSS TERAGUCHI,<br><br>Defendants. | ) | 1:11-cv-01458 AWI-BAM<br><br>FINDINGS AND RECOMMENDATION DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Richard Gonzales ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on August 31, 2011. He names the City of Fresno, Senior Deputy City Attorney Tamara Bogosian, Fresno City Attorney James Sanchez, the Fresno Police Department and Officer Ross Teraguchi as Defendants. His complaint consists of a three page letter and a stack of documents including personal calendars and computer file lists that appear to be related to his recently settled case from the Superior Court of the State of California.

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. *Id.* Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**B. Plaintiff's Allegations**

In his complaint, Plaintiff alleges that Defendants, Tammy Bogosian, and the City of Fresno, used coercion and threats through the Fresno Police Department to force Plaintiff to settle his case against the City of Fresno in state court. Although the facts are far from clear, it appears that in 2008 a Fresno Area Express Bus struck the vehicle Plaintiff was driving. Plaintiff brought suit in state court against the City of Fresno and eventually signed a notice of settlement for $50,000 on June 3, 2011. Plaintiff now claims that he is refusing to settle with the City of Fresno and has voided and returned his settlement check. He claims that the City of Fresno along with the other defendants

violated his civil rights by allegedly placing phone taps in his home–which he believes to exist from a clicking noise he discovered coming from his ceiling fan–and using Fresno police Officer Ross Teraguchi to follow him and harass everyone around him. Plaintiff also alleges that he recently found that an unauthorized user "hacked" into his computer and he suspects foul play from defendants.

The remainder of his complaint consists of a plea to the Court for help in stopping the City of Fresno and the other defendants from mistreating similarly situated citizens. He also states that he would like all guilty parties fired, the City forced to get separate insurance, and "compensation would be nice."

**C. Lack of Subject Matter Jurisdiction**

According to the complaint and its appended documents, plaintiff seeks to have this Court review the decision of a state court with respect to his settlement. However, a federal court lacks subject matter jurisdiction to review final determinations of state courts, as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-87, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the "Rooker-Feldman" doctrine is jurisdictional). A federal district court is a court of original jurisdiction, and as such has no authority to review the final determinations of a state court in judicial proceedings. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

To the extent that Plaintiff's complaint is seeking a review of a determinations made by the state court in the course of the state court suit, or matters inextricably intertwined with the state court judgment, this Court lacks subject matter jurisdiction to conduct such a review. Thus, Plaintiff has failed to state a basis for jurisdiction in this Court, and the matter should be dismissed.

Further, given the nature of the subject matter that is the basis of the complaint, as discussed below, it does not appear that Plaintiff could allege facts that would state grounds for subject matter jurisdiction in this Court.

**D. Conspiracy Theories**

The remainder of Plaintiff's complaint alleges conspiracy theories, allegations of deviant phone surveillance, and computer hacking. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, [or] obviously frivolous[.]" *Watson v. United States*, Civil Action No. 09-0268, 2009 U.S. Dist. LEXIS 11676 at *1 (D.D.C. Feb. 13, 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37(1974)) (internal quotation marks and citations omitted); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Best v. Kelly*, 39 F.3d 328, 330, 309 U.S. App. D.C. 51 (D.C. Cir. 1994). Thus, such claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. To be dismissed on this ground, the claims in question must "be flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.'" *Best v. Kelly*, 39 F.3d at 330 (quoting *Hagans v. Lavine*, 415 U.S. at 536-37). Claims that are essentially fictitious include those that allege "bizarre conspiracy theories, . . . fantastic government manipulations of [the] will or mind, [or] any sort of supernatural intervention." *Best v. Kelly*, 39 F.3d at 330.

Plaintiff argues that the:

> the City of Fresno, the police dept won't let go. They continuously HARASS ME. Have undercovers trying to get one to go along with unscrupulous activities, hang outside my [illegible], drive by my car AND SOMETIME SEEM AS IF GOING to CRASH INTO ME. I don't know but believe from seeing OFFICERS IDENTIFIED CASING MY HOUSE AND FINDING MY HOME [with] open BACK DOORS AND FOOT PRINTS BY ACCESSIBLE FRONT WINDOWS–THEY MAY HAVE ENTERED MY HOME. I noticed weird clicking sounds from ceiling fans at my house(could be done electronically) then 1 week later at girlfriends when she move in, and other places. Also, I receive text of activities I am engaged in at home. Just everything possible to wind a person's clock and make them crazy or believe the brain washing. I recently found a UNIDENTIFIED USER HACK INTO MY COMPUTER AND TAKE IT OVER WHEN I TURNED IT BACK ON NORTON FOUND TONS OF FILES THAT HAD BEEN ADDED TO MY COMPUTER.

Here, "[e]ven a cursory review of the complaint . . . reveals that plaintiff's allegations meet this ['essentially fictitious' or 'obviously frivolous"] standard." *Watson*, 2009 U.S. Dist. LEXIS 11676 at *1. Plaintiff's allegations that the City of Fresno, Tammy Bogosian and the Fresno Police Department are apart of a criminal conspiracy related to stalking, phone surveillance, and computer hacking is the type of frivolous claim that is subject to dismissal for lack of jurisdiction. *See Best v. Kelly*, 39 F.3d at 330-331 (finding that claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention"); *see also Schultz v. Krause,* 2011 U.S. Dist. LEXIS 143370 (E.D. Cal. Dec. 12, 2011) (dismissing a claim as bizarre and unusual the plaintiff's claims that defendants scanned her computer and put a GPS tracking device on her car); *Bivolarevic v. United States CIA*, No: C 09-4620 SBA, 2010 U.S. Dist. LEXIS 33028 (N.D. Cal. Mar. 5, 2010) (dismissing as frivolous the plaintiff's claims that the CIA had subjected her to "voice to skull" technology for many years); *Newby v. Obama*, 681 F. Supp. 2d 53 (D. D.C. 2010) (dismissing as frivolous claims that President George W. Bush and his agents stalked plaintiff and caused a Kinko's employee to shut down the copying machines to prevent her from filing a mandamus application to enjoin the Senate); *Curran v. Holder,* 626 F. Supp. 2d 30, 33 (D. D.C. 2009) ("[C]laims relating to alleged government surveillance and harassment of her are the type of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1).").

Plaintiffs claims are based on conspiracy theories that are "essentially fictitious," and therefore the Court will dismiss this entire case, for lack of subject matter jurisdiction. *See Best*, 39 F.3d at 330. Further, Plaintiff's allegations have no arguable basis in law or fact and this deficiency cannot be cured by amendment. Therefore, the Court recommends that his complaint be DISMISSED WITHOUT LEAVE TO AMEND.

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Plaintiff may file

written objections with the Court no later than thirty (30) days from the date of these findings. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **January 18, 2012**

/s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE